Opinion by: Marialyn Barnard, Justice
This is an appeal from a summary judgment in favor of appellees ("the Korth heirs") regarding ownership of 147.5 acres of real property in Karnes County. The Korth heirs moved for summary judgment, *405 asserting among other things that they acquired ownership of the entire 147.5 acres through constructive ouster and ensuing adverse possession. The trial court granted the Korth heirs' motion for summary judgment, which appellants ("the Eckford heirs") challenge on appeal. We reverse and remand the matter to the trial court.
BACKGROUND
In the late 1800s, Louis and Eliza Eckford owned, among other property, a 147.5-acre tract in Karnes County, Texas as community property. Ms. Eckford was appointed as guardian of the community estate in 1893. Mr. Eckford died intestate on November 10, 1896. Under the laws of intestacy, one-half of the real property, which was community property, passed to Ms. Eckford, and the other half of the real property passed to the couples' nine surviving children. See TEX. EST. CODE ANN . § 201.003 (West 2014) (containing current version of Texas intestacy laws).
Ms. Eckford conveyed portions of the property throughout her life, including a conveyance to Fritz Korth-the Korth heirs' predecessor in interest-in 1923. When Ms. Eckford died in 1925, her court-appointed administrator advised the trial court that "all of the real estate" belonging to the estate should be sold to pay claims and expenses. Ultimately, in 1939, the administrator purported to sell all of the property once owned by the Eckfords as community property, including the 147.5 acres that are at issue in this appeal, to Fritz Korth. Mr. Korth, his wife Eleanor, and their sons Romeo and Fred occupied the property until Mr. Korth's death in 1948. Ms. Korth and her sons remained on the property until 1954 when Ms. Korth and Fred conveyed their interests to Romeo. Romeo and his wife Florence entered into a mineral lease with Texas Oil & Gas Corp. in 1978. Pursuant to the terms of that lease, Romeo and Florence leased their mineral rights in the entire 147.5 acres to Texas Oil & Gas Corp.[1] Romeo and Florence continued to use the property with their daughters-Lou Eda Korth Stubbs and Ellen Ann Korth Vickers-until Romeo and Florence passed away. Thereafter, according to their affidavits, Lou Eda, Ellen Ann, and their descendants continued to exercise possession of the property.
At some point before 2012, Burlington Resources Oil & Gas Company ("Burlington") and West 17th Resources, LLC ("West 17th") discovered information that led them to believe the heirs of Louis and Eliza Eckford owned an unleased one-half interest in the 147.5-acre tract possessed by the Korth heirs. In other words, they believed the Eckford heirs and the Korth heirs were cotenants with regard to the 147.5 acres. As a result, Burlington and West 17th sought out and entered in mineral leases with numerous Eckford heirs. In 2012, because some of the numerous Eckford heirs could not be located, Burlington instituted a receivership proceeding. In that proceeding, Burlington alleged the heirs of Louis Eckford, who died intestate, owned a one-half unleased interest in the 147.5 acres and asked the court to appoint a receiver to manage, enter into agreements, etc. on behalf of the unknown Eckford heirs with regard to the mineral *406 lease. Burlington also entered in mineral leases with the Korth Heirs.[2]
The Korth heirs intervened in the receivership action-as did West 17th.[3] In the intervention, the Korth heirs alleged sole ownership of the entire 147.5-acre tract. Ultimately, the Korth Heirs filed a motion for partial summary judgment in which they alleged full ownership of the property as a matter of law based on: (1) the doctrine of presumption of deed; (2) record ownership based on recorded deeds and other instruments; or alternatively, (3) actual or constructive ouster of the cotenants-the Eckford Heirs-and ensuing adverse possession under the three-, five-, ten-, and twenty-five year statutes of limitations in the Texas Property Code. After responses and replies were filed, and after hearing arguments from counsel, the trial court granted partial summary judgment in favor of the Korth Heirs. In its summary judgment order, the trial court specified the grounds upon which summary judgment was granted. The order states:
(1) The Korth Intervenor's Motion for Summary Judgment on the grounds of presumption of deed conveying the interest of the heirs of LOUIS ECKFORD in the property to them is denied;
(2) The Korth Intervenor's Motion for Summary Judgment on the grounds of that they are the record owners of the entire estate in the property is denied;
(3) The Korth Intervenor's Motion for Summary Judgment that there has been a constructive ouster of the heirs of LOUIS ECKFORD from the property is granted;
(4) The Korth Intervenor's Motion for Summary Judgment that the heirs of LOUIS ECKFORD are barred by limitations from maintaining an action for the recovery of the property is granted.
Thus, the trial court granted summary judgment in favor of the Korth Heirs with regard to ownership of the property based only on constructive ouster and subsequent adverse possession. The trial court specifically rejected the Korth Heirs' claims of ownership based on presumption of deed and record ownership.
After granting the partial motion for summary judgment and signing an agreed severance order, the trial court rendered a final judgment which decreed that title to the 147.5-acre tract "is vested and has been vested in the [Korth Heirs] and their predecessors-in-interest since at least January 1, 2008, and the [Korth Heirs] have good, indefeasible, and marketable title to the [147.5-acre tract], including the ownership interests claimed by the [Eckford Heirs] and West 17th in this cause, together with all improvements therein and thereon[.]" The trial court further decreed the Eckford Heirs and West 17th are barred by limitations from maintaining an action for recovery of the 147.5-acre tract and "are completely divested of any ownership interest in and to the [147.5-acre tract.]" Thereafter, the Eckford Heirs timely perfected this appeal.
ANALYSIS
On appeal, the Eckford Heirs challenge the trial court's order granting summary judgment in favor of the Korth Heirs, *407 arguing summary judgment was improper because the Korth Heirs failed to establish constructive ouster as a matter of law.
Standard of Review
We review a traditional summary judgment de novo. Cantey Hanger, LLP v. Byrd, 467 S.W.3d 477, 481 (Tex. 2015) ; Rodriguez v. Lockhart Contracting Servs., Inc., 499 S.W.3d 48, 52 (Tex. App.-San Antonio, 2016, no pet.). A traditional summary judgment motion is properly granted when the movant establishes there are no genuine issues of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P . 166a(c) ; Cantey Hanger, 467 S.W.3d at 481 ; Rodriguez, 499 S.W.3d at 52. A movant meets this burden by either conclusively negating a single essential element of the plaintiff's cause of action or establishing an affirmative defense. Frost Nat'l Bank v. Fernandez, 315 S.W.3d 494, 508-09 (Tex. 2010). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." Cantey Hanger, 467 S.W.3d at 481 (quoting Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005) ).
When, as here, a summary judgment order specifies the ground or grounds upon which it was granted, appellate courts generally limited their consideration with regard to the propriety of the summary judgment to the ground or grounds upon which it was granted. See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625-26 (Tex. 1996) (citing State Farm Fire & Cas., Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993) ; Delaney v. Univ. of Houston, 835 S.W.2d 56, 58 (Tex. 1992) ); Anderton v. City of Cedar Hill, 447 S.W.3d 84, 89 (Tex. App.-Dallas 2014, pet. denied). However, the supreme court has held a reviewing court should consider, in the interest of judicial economy, all grounds the trial court rules on and that are preserved for review. Cates, 927 S.W.2d at 626. As this court has recognized, a summary judgment movant preserves "other grounds" for appellate review by filing a cross-appeal or asserting a cross-point in its appellate brief, raising those grounds as an alternate basis for affirming summary judgment. Rodriguez, 499 S.W.3d at 63 ; see Cates , 927 S.W.2d at 626 ; Polk Mech. Co., LLC v. Jones , No. 04-08-00509-CV, 2009 WL 1900414, at *5 (Tex. App.-San Antonio July 1, 2009, pet. denied) (mem. op.); Crocker v. Am. Nat'l Gen. Ins. Co., 211 S.W.3d 928, 937 (Tex. App.-Dallas 2007, no pet.) ; see also Lamar Cnty. Appraisal Dist. v. Campbell Soup Co., 93 S.W.3d 642, 649 (Tex. App.-Texarkana 2002, no pet.) (holding that where trial court specified grounds for summary judgment in order and summary judgment movant filed neither cross-appeal nor cross-point of error challenging trial court's failure to grant summary judgment on alternate grounds raised in motion, movant had not preserved right to review of potential alternate grounds). Here, the Korth Heirs did not file a cross-appeal or challenge the trial court's denial of their motion for summary judgment on grounds of presumption of deed, record title, or actual ouster. Accordingly, we will not consider these grounds as alternative bases for affirming the summary judgment. See Rodriguez, 499 S.W.3d at 63.
Applicable Law
The Korth Heirs contend, and the trial court found, they established constructive ouster, i.e., repudiation, as a matter of law, and ensuing adverse possession. The Korth Heirs argue their uninterrupted possession dates from at least 1939-when, based on the sale by Eliza Eckford's administrator, Fritz Korth came into possession of the 147.5-acre tract-to 2012-when *408 Burlington filed suit asserting lease rights to a portion of the acreage based on a cotenancy of the tract by the Eckford Heirs. Based on its summary judgment order, the trial court agreed, implicitly determining the Eckford Heirs and the Korth Heirs were cotenants, and finding as a matter of law that the Korth Heirs established they ousted the Eckford Heirs from the property at a time sufficient to permit adverse possession under the three-, five-, ten-, or twenty-five-year limitations statutes. The ouster on which the trial court granted summary judgment was constructive as opposed to actual ouster. Thus, the law concerning adverse possession and ouster-specifically constructive ouster-between cotenants is applicable here.
1. Adverse Possession Generally
The supreme court has recognized adverse possession requires "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." BP Am. Prod. Co. v. Marshall, 342 S.W.3d 59, 69 (Tex. 2011) (quoting TEX. CIV. PRAC. & REM. CODE ANN . § 16.021(1) (West 2002)). Section 16.021 requires "visible appropriation," and mere "mistaken beliefs about ownership do not transfer title until someone acts on them." TEX. CIV. PRAC. & REM. CODE ANN . § 16.021(1) ; see Marshall, 342 S.W.3d at 69 (citing Tran v. Macha, 213 S.W.3d 913, 914 (Tex. 2006) ; Bywaters v. Gannon, 686 S.W.2d 593, 595 (Tex. 1985) ). As stated by the court in Nat. Gas Pipeline Co. of Am. v. Pool, 124 S.W.3d 188, 198 (Tex. 2003), "a record titleholder's ignorance of what it owns does not affect the running of limitations".
Adverse possession also requires the possession "inconsistent with and hostile to" the claims of all others. TEX. CIV. PRAC. & REM. CODE ANN . § 16.021(1). According to the Marshall decision, that means the "possession must be of such character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant." 342 S.W.3d at 70 (quoting Rhodes v. Cahill, 802 S.W.2d 643, 645 (Tex. 1990) ). Thus, to establish a claim for adverse possession, a claimant must prove: (1) actual possession of the disputed property, (2) that is open and notorious, (3) peaceable, (4) under a claim of right; (5) that is consistently and continuously adverse or hostile to the claim of another person for the duration of the relevant statutory period. Estrada v. Cheshire, 470 S.W.3d 109, 123 (Tex. App.-Houston [1st Dist.] 2015, pet. denied) ; Glover v. Union Pac. R.R. Co., 187 S.W.3d 201, 213 (Tex. App.-Texarkana 2006, pet. denied) ; see Villarreal v. Guerra, 446 S.W.3d 404, 410 (Tex. App.-San Antonio 2014, pet. denied).
2. Adverse Possession and Cotenants
When the claim of adverse possession is between cotenants, as in this case, the burden of proof imposed on the adverse possessor is more onerous. See Rife v. Kerr, 513 S.W.3d 601, 616 (Tex. App.-San Antonio 2016, pet. denied) ; Villarreal, 446 S.W.3d at 410. According to the supreme court, cotenants are required to "surmount a more stringent requirement because acts of ownership "which, if done by a stranger, would per se be a disseizin" are not necessarily such when cotenants share an undivided interest." Marshall, 342 S.W.3d at 70 (quoting Todd v. Bruner, 365 S.W.2d 155, 160 (Tex. 1963) ). In other words, the burden is more onerous because cotenants have rights to ownership and use of the property a stranger would not have. Id. As recognized in Todd v. Bruner : "[i]t is not unusual for one cotenant to have exclusive possession *409 and make beneficial use of lands for rather longer periods of time and ordinarily such use is with the acquiescence of the other cotenants." 365 S.W.2d at 159. Thus, a party claiming adverse possession as to a cotenant must not only prove his possession was adverse, but must also prove some sort of ouster-actual or constructive. Id. In other words, a cotenant's possession of property is not adverse until the tenancy has been repudiated and "notice of such repudiation brought home to the titleholder." Rife, 513 S.W.3d at 616-17 (quoting Tex-Wis Co. v. Johnson, 534 S.W.2d 895, 899 (Tex. 1976) ).
The supreme court has defined ouster, in the context of cotenancies, as "unequivocal, unmistakable, and hostile acts the possessor took to disseize other cotenants." Marshall, 342 S.W.3d at 70 (citing King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 756 (Tex. 2003) ; Todd, 365 S.W.2d at 159-60 ). Ouster is often referred to in the case law as repudiation. See, e.g., Marshall, 342 S.W.3d at 70 ; King Ranch, Inc., 118 S.W.3d at 756 ; Tex-Wis, 534 S.W.2d at 899 ; Thedford v. Union Oil Co. of Cal., 3 S.W.3d 609, 612 (Tex. App.-Dallas 1999, pet. denied). Ouster or repudiation may be constructive. Republic Prod. Co. v. Lee, 132 Tex. 254, 264, 121 S.W.2d 973, 978 (1938) ; Loeffler v. Lytle Indep. Sch. Dist., 211 S.W.3d 331, 341 (Tex. App.-San Antonio 2006, pet. denied) ; Thedford, 3 S.W.3d at 614.
With regard to constructive ouster, in Tex-Wis, the Texas Supreme Court held notice of such ouster or repudiation may be established when there has been: "(1) long-continued possession under a claim of ownership[,] and (2) nonassertion of claim by the titleholder." 534 S.W.2d 895, 901 (Tex. 1976) ; see Rife, 513 S.W.3d at 617 (recognizing long-continued possession under claim of ownership and nonassertion of claim by titleholder as one of two ways in which cotenant could establish ouster). However, the holding in Tex-Wis was in the context of a jury trial with the court specifically holding a jury may infer notice of ouster or repudiation (find constructive ouster) based on lengthy possession and nonassertion of a claim to the property. See Tex-Wis, 534 S.W.2d at 899. As the court stated:
Such notice may be constructive and will be presumed to have been brought home to the cotenant ... when the adverse occupancy and claim of title to the property is so long-continued, open, notorious, exclusive and inconsistent with the existence of title in others, except the occupant, that the law will raise the inference of notice to the cotenant or owner out of possession, or from which a jury might rightfully presume notice.
Id. The Texas Supreme Court has recognized that a presumption cannot shift the burden to a nonmovant in a summary judgment proceeding. Chavez v. Kan. City S. Ry. Co., 520 S.W.3d 898, 900 (Tex. 2017) (citing Missouri-Kansas-Texas R.R. Co. v. City of Dallas, 623 S.W.2d 296, 298 (Tex. 1981) ). "The presumptions and burden of proof for an ordinary or conventional trial are immaterial to the burden that a movant for summary judgment must bear." Id. Likewise, in the context of ouster, this court recognized that an appellate court could not draw such an inference of ouster when reviewing the granting of a summary judgment. Villarreal v. Chesapeake Zapata, L.P., No. 04-08-00171-CV, 2009 WL 1956387, at *3 (Tex. App.-San Antonio July 9, 2009, pet. denied) (mem. op.); cf. Chavez, 520 S.W.3d at 900. Thus, with regard to cotenants, long-continued possession and failure of the titleholder to make a claim is insufficient to establish a summary judgment movant's right to judgment as a matter of law. See Chesapeake Zapata, L.P., 2009 WL 1956387, at *3.
*410 Application
Based on the foregoing, the Korth Heirs, as summary judgment movants, could not establish constructive ouster based on an inference or presumption arising from long-continued possession and absence of a claim. See Chavez, 520 S.W.3d at 900 ; Chesapeake Zapata, L.P., 2009 WL 1956387, at *3. In summary judgment, reasonable inferences must be indulged in favor of the non-movant; the movant is not entitled to inferences, but must prove entitlement to judgment as a matter of law. See Cantey Hanger, 467 S.W.3d at 481. Accordingly, the Korth Heirs needed to assert and prove their entitlement to judgment based on something more than possession and absence of a claim. They would need to specifically assert, and provide evidence establishing, other "unequivocal, unmistakable, and hostile acts" taken "to disseize other cotenants." See Marshall, 342 S.W.3d at 70.
After reviewing the Korth Heirs' motion for summary judgment-as well as the arguments in their appellate brief-we hold that with regard to constructive ouster, they alleged only that they were entitled to summary judgment based on their long-continued possession under their claim of ownership by way of the 1939 administrator's deed or 1978 mineral lease, and nonasssertion of a claim to the property by the Eckford heirs until 2012. See Tex-Wis, 534 S.W.2d at 901 ; Rife, 513 S.W.3d at 617. The following is the entire excerpt from the Korth Heirs' motion for summary judgment with regard to entitlement to judgment based on constructive ouster:
2. THE LONG PERIOD OF INTERVENORS' POSSESSION CONSTITUTES CONSTRUCTIVE OUSTER
37. In the alternative, to the extent Defendant Intervenor, West 17th, and Defendant Eckford heirs claim they are co-tenants, Intervenors' possession for almost 75 years constitutes an ouster. Under Texas law, a co-tenant may constructively establish the requisite ouster by an extended period of long, uninterrupted exclusive possession, and after which period the requisite limitations period begins to run. Thedford v. Union Oil Co. of California, 3 S.W.3d 609, 612-14 (Tex. App.-Dallas 1999, pet. denied). To establish this constructive ouster, the adverse co-tenant's adverse possession must be "so long-continued, open, notorious, exclusive, and inconsistent with the existence of title in others, except the occupant, that the law will raise the interference of notice to the cotenant out of possession." Id. (holding that adverse occupancy that lasted for "at least seventy years" constituted notice of repudiation as a matter of law) (emphasis added) . In Thedford, the court considered facts similar to the facts in this case. The heirs of William Walling brought suit to recover their co-tenant interest in a 2,862 acre tract in Nacogdoches County, Texas. The Court found that, as a matter of law, seventy years of long, continued possession established the conclusive presumption that the heirs of William Walling had notice of repudiation of the co-tenancy. Id. Recently, the Texas Supreme Court cited Thedford as authority that ouster of cotenants may be established as a matter of law. King Ranch v. Chapman, King Ranch, Inc. v. Chapman, 118 S.W.3d 742 (Tex. 2003). The Chapman Court went on to find that the out of possession cotenants had been conclusively ousted by a consent judgment. Id.
In Mills v. Vinson, 342 S.W.2d 33 (Tex.Civ.App.-1960, writ ref'd n.r.e.) constructive ouster was found where one co-tenant went into possession of a tract of *411 land in 1902, and continued possession until 1958, made improvements, paid all taxes, sold timber which grew on land for approximately sixty years, grazed cattle, used the land for growing crops, and actually occupied same for 56 years. Id.
39. In Tex-Wis Company v. Johnson, 534 S.W.2d 895 (Tex. 1976), the court held there was constructive ouster where the adverse co-tenant possessed the land in a way that was inconsistent with the title in others, farmed the land, maintained fences, and ran livestock on the land, where the possession was for a continuous period of thirty-four years. See also Perkins v. Francis, 2009 WL 4140034 (Tex. App.-San Antonio 2009) (holding that five decades of possession coupled with non-assertion by co-tenants sufficient to find notice of repudiation). The Texas Supreme Court has found that constructive notice will be presumed where the adverse occupancy and claim of title has been long continued, open, notorious, exclusive, and inconsistent with the existence of title in others. Natural Gas Pipeline Co. of America v. Pool, 124 S.W.3d 188, 200-01 (Tex. 2003).
40. In Tex-Wis , the Court held that 24 years in excess of the 10-year statutory period of limitations for adverse possession (or 34 total years) constitutes "long-continued possession. Tex-Wise , 534 S.W.2d at 902 ; Pool, 124 S.W.3d at 200. The Court explained that:
[Our holding] is nothing more than an application of the rule of circumstantial evidence that the existence of certain facts tends to support a reasonable inference that the record owner has been put on notice that the tenancy has been repudiated ... Thus acts which are inconsistent with the original use of the property may be sufficient to put the owner on notice that the tenancy has been repudiated. The same has been held to be true in cases of long-continued possession by the tenant under claim of ownership where the [claimant] has failed to assert any claim.
Tex-Wis Co., 534 S.W.2d at 901-02 ; see also Pool, 124 S.W.3d at 200.
41. In this case, Intervenors and their predecessors in interest have been in long-continued possession since 1939. See Ex. 30, ¶ 2-3 and 31, ¶ 2-3. Defendant Intervenors West 17th and the Eckford heirs did not make any claims for the property until they intervened in an existing suit in 2013. See Ex. 30, ¶ 13 and 31, ¶ 13. Intervenors were therefore in long-continued possession for 74 years with respect to Defendant Intervenors West 17th' s and the Eckford heirs' claims, or well in excess of the 34 years as proscribed by the Texas Supreme Court as sufficient for constituting repudiation.
42. Therefore, since Intervenors have been in long, continued, exclusive possession of the property for over seventy (70) years, Intervenors have constructively and conclusively established an ouster and notice of repudiation as a matter of law.
The only ground for summary judgment as to constructive ouster set forth in the motion is long-continued possession coupled with absence of a claim as described in Tex-Wis. Nowhere in the constructive ouster portion of the motion do the Korth Heirs allege other "unequivocal, unmistakable, and hostile acts" they took in an effort "to disseize" or "bring home" the repudiation to the Eckford Heirs, their cotenants." See Marshall, 342 S.W.3d at 70. And, that section of the motion for summary judgment does not state that preceding paragraphs of the motion are incorporated.
*412 In an appeal from a summary judgment, an appellate court's scope of review is limited. Stephens v. LNV Corp., 488 S.W.3d 366, 373 (Tex. App.-El Paso 2015, no pet.) (quoting Gillebaard v. Bayview Acres Ass'n, Inc., 263 S.W.3d 342, 348 (Tex. App.-Houston [1st Dist.] 2007, pet. denied). When a defendant moves for summary judgment, he must expressly state in the motion the specific grounds upon which relief is sought, and summary judgment may only be granted on those grounds. G & H Towing Co. v. Magee, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam) (citing TEX. R. CIV. P. 166a(c) )(emphasis added); Stephens, 488 S.W.3d at 373. "Grounds may be stated concisely, without detail and argument[,] [b]ut they must at least be listed in the motion." McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 340 (Tex. 1993) (quoting Roberts v. Sw. Tex. Methodist Hosp., 811 S.W.2d 141, 146 (Tex. App.-San Antonio 1991, writ denied) ). The scope of a trial court's power to render summary judgment is measured by the scope of the predicate motion for summary judgment and the specific grounds stated therein. Stephens , 488 S.W.3d at 373. "The term "grounds" means the reasons that entitle the movant to summary judgment, in other words, "why" the movant should be granted summary judgment." Id. (quoting Garza v. CTX Mortg. Co., L.L.C., 285 S.W.3d 919, 923 (Tex. App.-Dallas 2009, no pet.) ). The supreme court has held a motion for summary judgment "must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds alone." Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 912 (Tex. 1997) ); see Magee, 347 S.W.3d at 297 ; Stiles v. Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993). Issues not expressly presented to the trial court in the written motion cannot be considered on appellate review as grounds for affirmance of a summary judgment. Science Spectrum, Inc., 941 S.W.2d at 912 ; Stephens, 488 S.W.3d at 373.
The Korth Heirs, as summary judgment movants asserted, with regard to constructive ouster, long-continued possession under a claim of ownership and nonassertion of a claim by the Eckford Heirs as a basis for constructive ouster. However, they did not assert any grounds or reasons for judgment based on constructive ouster beyond this. In other words, the Korth Heirs neither asserted nor established that they took "unequivocal, unmistakable, and hostile acts"-other than mere possession and lack of a claim-"to disseize" the Eckford Heirs, their cotenants. See Marshall, 342 S.W.3d at 70. Thus, the trial court's summary judgment must stand or fall on these specific grounds-long-continued possession and nonassertion of a claim. See Science Spectrum, Inc., 941 S.W.2d at 912.
As discussed above, Texas law requires a summary judgment movant to do more than assert and prove "long-continued possession under a claim of ownership" and "nonassertion of a claim by the titleholder" to prove constructive ousters as a matter of law. Proof of long-continued possession under a claim of ownership and absence of a titleholder claim merely raise an inference or presumption of ouster. See Chavez, 520 S.W.3d at 900 ; Chesapeake Zapata, L.P., 2009 WL 1956387, at *3. Because we cannot indulge an inference or presumption of ouster in affirming a summary judgment, proof of mere long-continued possession and absence of a claim are legally insufficient to establish entitlement to judgment as a matter of law on the issue of constructive ouster. See Chavez, 520 S.W.3d at 900 ; Chesapeake Zapata, L.P., 2009 WL 1956387, at *3. The Korth Heirs therefore failed to prove constructive ouster as a matter of law on the sole ground asserted in their motion. In the absence of proof of ouster, a cotenant cannot *413 adversely possess property as to another cotenant. See Tex-Wis, 534 S.W.2d at 899 ; Rife, 513 S.W.3d at 616-17. Accordingly, we hold the trial court erred in granting their motion for summary judgment in favor of the Korth Heirs.
CONCLUSION
Based on the foregoing, we reverse the trial court's summary judgment and remand the matter to the trial court for further proceedings consistent with this court's opinion.

Under Texas law, a mineral lessee of a cotenant becomes a cotenant with the cotenants of its lessor. Glover v. Union Pacific R.R. Co., 187 S.W.3d 201, 213 (Tex. App.-Texarkana 2006, pet. denied). Absent an agreement to the contrary, a cotenant has the right to lease his or her interest in the property without joinder of the other cotenants. Id. If the lessee drills for and discovers minerals, the leasing cotenant must account to the nonparticipating cotenants for their interest in the production. Id.

Burlington has joined in the brief filed by the Korth Heirs in this appeal.

West 17th claimed interests in the 147.5-acre tract based on transactions with certain Eckford Heirs. West 17th and Burlington settled their competing claims to these interests, and Burlington transferred its interest in the litigation to West 17th, making West 17th the plaintiff in the receivership action.