

## NUMBER 13-20-00045-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

CRAIG MARESH,                                                            Appellant,

v.

MANUELA MARTINEZ,                                                        Appellee.

### On appeal from the 335th District Court of Burleson County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Hinojosa**

Appellant Craig Maresh sued appellee Manuela Martinez for deed reformation, breach of contract, and declaratory relief, alleging that Martinez failed to convey the mineral estate to certain property as required by the purchase contract between the parties. Martinez filed a traditional motion for summary judgment on the affirmative defense of limitations, which the trial court granted. In three issues, which we reorder,

Maresh argues that the trial court erred in granting summary judgment because: (1) there are fact issues regarding whether Maresh's reformation claim is barred by limitations; (2) Martinez did not move for summary judgment on Maresh's breach of contract and declaratory relief claims; and (3) there are fact issues regarding the elements of Maresh's breach of contract claim. We affirm in part and reverse and remand in part.[1]

## I.    BACKGROUND[2]

On March 3, 2014, Maresh and Martinez executed a contract providing that Maresh would purchase 89.9 acres of property owned by Martinez and her husband Facundo, now deceased, for $325,000. Maresh partially financed the purchase with a $250,000 promissory note held by Martinez. An addendum to the purchase contract provided in relevant part as follows:

> B. The Mineral Estate owned by Seller, if any, will be conveyed unless reserved as follows (check one box only):
>     Seller is not allowed to sell any of the minerals/royalties reserved.
> X☒ (1). Seller reserves all of the Mineral Estate owned by Seller. until buyer pays off loan.

According to Maresh, the intent of this provision was to ensure that Maresh would have title to the mineral estate once he paid the balance of the promissory note. Martinez presented contrary affidavit testimony that the mineral estate was not intended to be a part of the agreement.

On March 25, 2014, Martinez executed a warranty deed conveying the property to Maresh, which Maresh accepted by his signature on that same date. The warranty deed

---

[1] The Texas Supreme Court transferred this case from the Tenth Court of Appeals in Waco to this Court pursuant to a docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] We derive the factual background from the summary judgment record and the pleadings.

contained the following reservation of mineral rights:

> [T]here is excepted from this conveyance and not conveyed hereby, and Grantor herein reserves and retains unto Grantor and Grantor's heirs and assigns, all of the minerals currently owned by the Grantor, in and under and that may be produced from the lands described herein[.]

The deed further provided the following restraint on alienation of the mineral estate:

> Notwithstanding the foregoing, Grantor shall not sell any of the foregoing mineral estate or any part thereof while any of the foregoing promissory note remains unpaid.

In addition, the deed contained certain protections for the surface estate such as prohibiting Martinez from executing mineral leases that would require utilization of the surface of the property.

Maresh paid the balance of the promissory note in October 2017, and Martinez subsequently filed a Release of Lien in the property records. In January and September of 2018, Maresh sent letters to Martinez requesting that she execute a deed conveying the mineral estate to Maresh.

On February 1, 2019, Maresh sued Martinez. In his live petition, Maresh pleaded alternative theories of recovery. First, Maresh pleaded a cause of action to reform the deed because the deed mistakenly omitted language conveying the mineral estate to Maresh upon his payment of the promissory note. Maresh also pleaded that Martinez breached the purchase contract by refusing to convey the mineral estate to Maresh after the loan was paid. Maresh further sought a declaration that he owned the mineral estate.

3

Martinez answered and asserted the affirmative defense of limitations. Martinez later filed a traditional motion for summary judgment on the defense.[3] In her motion, Martinez argued that Maresh's reformation claim was barred by the applicable four-year limitations period, which commenced on March 25, 2014, when the deed was signed by the parties and recorded in the public records. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051; *Brown v. Havard*, 593 S.W.2d 939, 947 (Tex. 1980). Martinez further argued that the discovery rule did not apply to toll the limitations period because there was an irrebuttable presumption that Maresh had notice of the language and legal effect of the deed when it was filed. Martinez did not raise any independent grounds challenging Maresh's declaratory judgment and breach of contract claims.

Maresh filed a response arguing that the discovery rule tolled the limitations period for his reformation claim because the deed's omission of terms conveying the mineral estate was not a mistake that was plainly evident and the deed was ambiguous. Maresh also argued that Martinez's summary judgment motion failed to challenge his declaratory judgment and breach of contract claims.

The trial court granted Martinez's motion for summary judgment on all claims. Maresh filed a motion for reconsideration, or alternatively a motion for new trial, which the trial court denied. The trial court later signed a final take-nothing judgment in favor of Martinez. This appeal followed.

---

[3] The trial court denied an earlier summary judgment motion filed by Martinez.

4

## II.    DISCUSSION

### A.    Standard of Review

We review a trial court's granting of summary judgment de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021); *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013). In a traditional motion for summary judgment, the moving party must show that no genuine dispute exists as to any material fact such that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Eagle Oil*, 619 S.W.3d at 705. A defendant may obtain summary judgment by conclusively establishing an affirmative defense. *Eagle Oil*, 619 S.W.3d at 705; *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). If a defendant meets this burden, then the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Kaplan v. City of Sugar Land*, 525 S.W.3d 297, 302 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Jones v. Ray Ins. Agency*, 59 S.W.3d 739, 744 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.). We review the summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Eagle Oil*, 619 S.W.3d at 705; *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam).

### B.    Reformation

In his first issue, Maresh argues that the trial court erred in granting summary judgment on his reformation claim because there is a fact issue regarding whether the limitations period was tolled by the discovery rule. Specifically, Maresh argues that there is a fact issue concerning whether he knew or should have known that there was a

5

mistake in the deed. Martinez responds that the discovery rule is not available to Maresh as a matter of law because he complains of a plainly evident omission in an unambiguous deed.

### 1.    Applicable Law

"Limitations is an affirmative defense that must be pleaded and proven." *Epps v. Fowler*, 351 S.W.3d 862, 869 n.8 (Tex. 2011). A defendant seeking summary judgment based on limitations must (1) conclusively establish when the cause of action accrued and (2) negate the applicability of any tolling or suspension of the limitations period raised by the non-movant. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Markwardt v. Tex. Indus., Inc.*, 325 S.W.3d 876, 882 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *see Eagle Oil*, 619 S.W.3d at 708.

A claim for reformation of a deed is governed by a four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051; *Havard*, 593 S.W.2d at 947. The discovery rule defers accrual of a claim until the injured party learned of, or in the exercise of reasonable diligence should have learned of, the wrongful act causing the injury. *Cosgrove v. Cade*, 468 S.W.3d 32, 36 (Tex. 2015). "A plainly evident omission on an unambiguous deed's face is not a type of injury for which the discovery rule is available." *Id*.

### 2.    Application

Our resolution of this issue is governed by the Texas Supreme Court's *Cosgrove* opinion. *See id.* In that case, the sellers sued the buyer over a land transaction. *Id*. at 35. The sales contract stated that the sellers retained all mineral rights, but the deed

6

mistakenly conveyed the property in fee. *Id*. Over four years after executing the deed, the sellers demanded that the buyer issue a correction deed, pointing to one of the closing documents that bound the parties to "fully cooperate, adjust, and correct any errors or omissions and to execute any and all documents needed or necessary to comply with all provisions of the [sales contract]." *Id*. The buyer refused to correct the deed, and the sellers sued, seeking a declaratory judgment that the sellers owned the mineral interests—a claim which the Court classified as an action to reform the deed. *Id*. The Court held that the sellers' claims were time barred, noting that "[a] plainly evident omission on an unambiguous deed's face is not a type of injury for which the discovery rule is available." *Id*. at 36–37. In reaching this holding, the Court articulated the following bright-line rule: "Parties are charged as a matter of law with knowledge of an unambiguous deed's material omissions from the date of its execution, and the statute of limitations runs from that date." *Id*. at 37.

In this case, we are presented with a similar scenario. Maresh maintains that the parties' purchase contract required Martinez to convey the mineral estate to Maresh upon payment of the loan securing the property. However, the deed completely omits any language providing Maresh with a mineral interest in the property, presently or in the future. "An injury involving a complete omission of mineral interests in an unambiguous deed is inherently discoverable—'a fact plainly evident[.]'" *Id*. at 37 (quoting *McClung v. Lawrence*, 430 S.W.2d 179, 181 (Tex. 1968)). Accordingly, Maresh was charged as a matter of law with knowledge of the material omission at the time of the deed's execution, and the discovery rule does not apply to his reformation claim. *See id*. at 36–37; *see also*

7

*Howard Constr. Co., Inc. v. Tex. Ass'n of Women's Clubs*, No. 07-15-00361-CV, 2017 WL 3611704, at *5 (Tex. App.—Amarillo Aug. 15, 2017, no pet.) (mem. op.) ("The omission of the 40–foot easement across Tract A is no less plain or evident than the failure of the deed in *Cosgrove* to reserve mineral rights."). Because Maresh filed suit more than four years after the accrual date, his reformation claim is barred by the statute of limitations. *See KPMG Peat Marwick*, 988 S.W.2d at 748.

In reaching this conclusion, we necessarily reject Maresh's attempts to distinguish *Cosgrove*. First, Maresh maintains the mistake in the deed is neither a complete nor a plainly obvious omission because the deed contains language prohibiting Martinez from selling the mineral estate while the promissory note remained unpaid. We find that this is a distinction without meaning. The deed clearly excepts from the conveyance the mineral estate in its entirety and completely omits any language indicating that Martinez's reservation was only for a term that would expire at some future date. The deed further completely omits any language of a future conveyance of the mineral estate to Maresh. The presence of a provision restraining the alienation of the mineral estate does nothing to obscure these omissions.

Next, Maresh argues that the *Cosgrove* rule applies only against grantors who complain of an omission in the deed as opposed to grantees. We disagree. The Court's holding expressly applies to both parties to a deed. *See Cosgrove*, 468 S.W.3d at 37 ("*Parties* are charged as a matter of law with knowledge of an unambiguous deed's material omissions from the date of its execution, and the statute of limitations runs from that date." (Emphasis added)); *see also Howard Constr.*, 2017 WL 3611704, at *6

8

(rejecting argument that *Cosgrove* applies only to grantors); *Whitfield v. Ondrej*, No. 04–15–00052–CV, 2016 WL 7383823, at *3, n.7 (Tex. App.—San Antonio Dec. 21, 2016, no pet.) (mem. op.) (same).

We conclude that Martinez conclusively established her limitations defense to Maresh's reformation claim, *see Eagle Oil*, 619 S.W.3d at 705, and Maresh failed to present evidence creating a fact issue as to the defense. *See Kaplan*, 525 S.W.3d at 302. Therefore, the trial court did not err in granting Martinez's summary judgment motion with respect to that claim. *See Eagle Oil*, 619 S.W.3d at 705. We overrule Maresh's first issue.

## B.     Breach of Contract & Declaratory Relief

In Maresh's second issue, he argues that the trial court erred in granting summary judgment on his breach of contract and declaratory judgment claims because Martinez's summary judgment motion did not raise any grounds challenging those claims. Martinez responds that the trial court properly dismissed both claims because they are only available if the deed can be reformed.

Martinez's motion for summary judgment was based solely on its limitations defense to Maresh's reformation claim. "When a defendant moves for summary judgment, he must expressly state in the motion the specific grounds upon which relief is sought, and summary judgment may only be granted on those grounds." *Hardaway v. Nixon*, 544 S.W.3d 402, 412 (Tex. App.—San Antonio 2017, pet. denied); *see* TEX. R. CIV. P. 166(c), (i); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 340 (Tex. 1993). "This is a notice requirement, intended to notify the claimant and the trial court of those claims or elements of claims the opponent is attacking." *Tex. Integrated Conveyor Sys. v.*

*Innovative Conveyor Concepts,* 300 S.W.3d 348, 365 (Tex. App.—Dallas 2009, pet. denied). A trial court errs when it grants summary judgment on grounds that were not presented by the movant. *Bridgestone Lakes Cmty. Improvement Ass'n, Inc. v. Bridgestone Lakes Dev. Co., Inc.*, 489 S.W.3d 118, 122 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

We first observe that Maresh sought a declaration that he was the owner of the mineral estate. This claim, as observed in *Cosgrove*, is simply a claim to reform the deed. *See* 468 S.W.3d at 35 ("[T]he Cades sued Cosgrove for a declaratory judgment that the Cades owned the mineral interests—in effect a suit to reform the deed."). Because Martinez's summary judgment motion raised grounds challenging this claim, the trial court did not err in concluding that the claim was barred by limitations. *See Nixon*, 544 S.W.3d at 412.

However, the same cannot be said of the breach of contract claim. As noted above, Maresh pleaded his breach of contract claim on an alternative theory. *See* TEX. R. CIV. P. 48; *Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 851–52 (Tex. 1980) (explaining that the Texas Rules of Civil Procedure authorize the pleading of alternative and inconsistent facts). Rather than complaining that there was a mistake in the deed that required reformation, Maresh pleaded that the purchase contract required Martinez to execute a separate deed conveying the mineral estate once the promissory note was paid. In *Cosgrove*, the court held that the plaintiff's breach of contract action was time-barred because the claim accrued when the deed was executed. 468 S.W.3d at 39. Here, the limitations period for Maresh's breach of contract action would not accrue until

10

Martinez's refusal to separately convey the mineral estate upon payment of the note. *See id.* ("A claim for breach of contract accrues when the contract is breached.").

Martinez presented no summary judgment grounds demonstrating that Maresh's breach of contract action was time-barred. Martinez did not establish the accrual date for the claim, and she did not present evidence negating any applicable tolling doctrines. *See KPMG Peat Marwick*, 988 S.W.2d at 748. Accordingly, the trial court erred in granting summary judgment as to Maresh's breach of contract claim. *See Hardaway*, 544 S.W.3d at 412. We sustain in part Maresh's second issue. Because of our resolution of this issue, we need not reach Maresh's third issue. *See* Tex. R. App. P. 47.1.

### III. CONCLUSION

We reverse that portion of the trial court's judgment which dismisses Maresh's breach of contract claim and remand the case to the trial court for further proceedings consistent with this memorandum opinion. We affirm the remainder of the judgment.

LETICIA HINOJOSA
Justice

Delivered and filed on the
7th day of October, 2021.

11