

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00568-CV

**EDIFIKA INVESTMENTS, LLC** d/b/a Military Village Apartments,
Appellant

v.

**CHAIN & CHAIN CONSTRUCTION, LLC**,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CI-14175
Honorable Nicole Garza, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Luz Elena D. Chapa, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: May 17, 2023

REVERSED AND REMANDED

Appellant Edifika Investments, LLC d/b/a Military Village Apartments challenges a judgment in favor of appellee Chain & Chain Construction, LLC. We reverse the trial court's judgment and remand this cause for further proceedings.

### BACKGROUND

Edifika and Chain entered into a written contract for Chain to design and construct an apartment complex on land Edifika owned in San Antonio. Edifika ultimately sued Chain under various tort and contract theories, alleging that Chain's work on the project was defective and that

Chain demanded payment not contemplated by the contract. Chain filed counterclaims for breach of contract, quantum meruit, statutory interest under Chapter 28 of the Texas Property Code, and attorney's fees, alleging that Edifika requested and agreed to additional work outside the scope of the contract. Chain further alleged that Edifika barred Chain from the premises before the construction was finished. Chain also filed third-party actions against several entities that are not party to this appeal.

Chain filed a motion for partial summary judgment on its counterclaims against Edifika, and Edifika responded. Chain filed a reply in support of its motion and objected to two of Edifika's summary judgment exhibits. On April 19, 2021, the trial court signed an order granting Chain's motion. The partial summary judgment awarded Chain monetary damages on its breach of contract and quantum meruit claims, interest under Chapter 28 of the Texas Property Code, and post-judgment interest. The trial court also sustained Chain's objections to Edifika's summary judgment evidence.

After the partial summary judgment, Chain moved to sever its counterclaims, including its unresolved claim for attorney's fees, from the remaining issues in the case. On July 15, 2021, the trial court signed an order granting the motion to sever and assigning a new cause number to Chain's counterclaims. The trial court's order noted, "The parties have agreed to severance" and provided that Chain's severed counterclaims "may be pursued to final resolution as a separate matter."

In the new cause number, Chain filed a motion for summary judgment on its claim for attorney's fees. On September 21, 2021, the trial court signed a final judgment in the new cause number that incorporated the April 19, 2021 partial summary judgment and awarded trial and contingent appellate attorney's fees to Chain. Edifika timely appealed the trial court's judgment.

**ANALYSIS**

Edifika raises eight issues on appeal. In its first five issues, Edifika argues: (1) Chain's motion for summary judgment was not sufficient to shift the evidentiary burden to Edifika; and (2) Chain did not conclusively establish that it was entitled to judgment on its breach of contract, quantum meruit, Chapter 28, and attorney's fee counterclaims. Edifika's final three issues, which it presents in the alternative, challenge the trial court's exclusion of Edifika's summary judgment evidence, the amount of damages awarded to Chain, and the severance order. We address only those issues that are necessary to the disposition of this appeal. TEX. R. APP. P. 47.1.

### *Standard of Review*

Chain moved for traditional summary judgment on its breach of contract, quantum meruit, Chapter 28, and attorney's fee counterclaims. *See* TEX. R. CIV. P. 166a(c). A party is entitled to traditional summary judgment on its own affirmative claim if it conclusively proves all essential elements of that claim. *Compass Bank v. Durant*, 516 S.W.3d 557, 565 (Tex. App.—Fort Worth 2017, pet. denied). As the summary judgment movant, Chain bore the burden to establish that there were no genuine issues as to any material facts and it was therefore entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017). A motion for summary judgment must stand or fall on its own merits, and a summary judgment may only be granted or affirmed on grounds expressly presented in the motion itself. *See, e.g.*, *Weekley Homes, LLC v. Paniagua*, 646 S.W.3d 821, 826 (Tex. 2022) (per curiam); *Hardaway v. Nixon*, 544 S.W.3d 402, 412 (Tex. App.—San Antonio 2017, pet. denied).

As the nonmovant, Edifika was not required to respond to Chain's motion or present any controverting evidence unless and until Chain established its entitlement to judgment as a matter of law. *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022). We review a summary judgment de novo, "taking as true all evidence favorable to the nonmovant, and indulging every

reasonable inference and resolving any doubts in the nonmovant's favor." *Id.* (internal quotation marks omitted).

### Breach of Contract

#### Applicable Law

To be entitled to summary judgment on its breach of contract counterclaim, Chain was required to establish as a matter of law: (1) the existence of a valid contract; (2) Chain performed or tendered performance under the contract; (3) Edifika breached the contract; and (4) Chain was damaged by Edifika's breach. *See, e.g.*, *Brooks v. Excellence Mortg., Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, pet. denied); *see also* TEX. R. CIV. P. 166a(c).

#### Application

A party that moves for summary judgment on its own breach of contract claim has "the burden to establish, as a matter of law, what performance was required under the [contract] and that it fulfilled those requirements." *Tribble & Stephens Co. v. RGM Constructors, L.P.*, 154 S.W.3d 639, 652 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (plurality op.). Chain's motion for partial summary judgment argued the parties "had a contractual agreement . . . wherein [Edifika] agreed to pay a specific price for the work performed by" Chain; that Chain and Edifika "entered into a construction contract for a new multi-family residential apartment complex called 'Military Villages'"; and that "[t]he agreed contract price was $7,620,000.00." However, Chain did not include a copy of the parties' written contract or quote any excerpts from that contract with its motion for partial summary judgment. We must therefore begin by determining whether Chain's summary judgment evidence was sufficient to conclusively establish Chain's contractual obligations.[1] *See id.*; TEX. R. CIV. P. 166a(c).

---

[1] Edifika attached a copy of the parties' contract to both its original petition and its response to Chain's motion for summary judgment. But the copies of the contract Edifika provided indicated that the "Plans and Specifications" to

Chain's summary judgment evidence included Certificates of Occupancy for two buildings identified as "Bldg 3" and "Bldg 4." Chain also presented an affidavit from its president, Eduardo Cadena, in which Cadena averred that the issuance of the certificates "meant that Edifika could begin renting out and earning income." But these exhibits did not show what obligations Chain owed under the contract or that the completion of Buildings 3 and 4 satisfied those obligations. *See Tribble & Stephens*, 154 S.W.3d at 652; *Brooks*, 486 S.W.3d at 36. The motion and its exhibits did not establish, for example, how many buildings or apartments the parties agreed Chain would construct, which portions of the design and construction Chain was wholly or primarily responsible for, or whether the construction was to have been completed by a specific date. Moreover, Chain's own summary judgment evidence showed Chain performed work on at least two other buildings for which it did not present a Certificate of Occupancy. Under the appropriate standard of review, we must infer that Chain was required to complete those buildings but did not do so. *See, e.g.*, *Townsend v. Hindes*, 619 S.W.3d 763, 770 (Tex. App.—San Antonio 2020, no pet.) (summary judgment evidence must be viewed in light most favorable to nonmovant); *see also Gilbert v. Kalman*, 650 S.W.3d 135, 145–46 (Tex. App.—El Paso 2021, no pet.) (reversing summary judgment because movant's own evidence raised a fact issue).

In its reply in support of its motion for summary judgment, Chain argued the two Certificates of Occupancy were "clear evidence of substantial performance." Substantial performance is "an equitable doctrine that was adopted to allow a contractor who has substantially completed a construction contract to sue on the contract rather than being relegated to his cause of action for quantum meruit." *Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d

---

which the parties agreed appear in a separate "Exhibit A." Neither Exhibit A nor any other plans or specifications appear in the appellate record. Accordingly, even if we were to consider the copies of the contract Edifika presented, we cannot say those documents are sufficient to conclusively establish Chain's contractual obligations. *See Tribble & Stephens*, 154 S.W.3d at 652.

480, 482 (Tex. 1984). But Chain's motion for summary judgment did not expressly seek recovery under a theory of substantial performance; instead, Chain sought to recover the full contract price with no deductions. *See id.* ("When a contractor has substantially performed a building contract, he is entitled to recover the full contract price less the cost of remedying those defects that are remediable."). As a result, we may not affirm the summary judgment on grounds of substantial performance. *See Hardaway*, 544 S.W.3d at 412. In any event, because Chain's motion for summary judgment did not establish Chain's contractual obligations, the motion offered no basis upon which to conclude that Chain "did substantially perform in accordance with the agreement." *Smith v. Smith*, 112 S.W.3d 275, 279 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied); *see also Turner v. Ewing*, 625 S.W.3d 510, 518 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (reviewing authority defining substantial compliance with construction contract).

Chain's motion for summary judgment also argued that Edifika breached the contract by excluding Chain from the premises and by failing to pay amounts owed under the contract. A party's material breach of a contract can excuse the other party's future performance. *See Earth Power A/C & Heat, Inc. v. Page*, 604 S.W.3d 519, 524 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *but see Bartush-Schnitzius Foods Co. v. Cimco Refrigeration, Inc.*, 518 S.W.3d 432, 436 (Tex. 2017) (per curiam) (nonmaterial breach will support a claim for damages but will not excuse non-breaching party from performing). Additionally, this court has held that "[a] contractor can recover on a contract when the failure to substantially perform is the fault of the other party." *Tips v. Hartland Devs., Inc.*, 961 S.W.2d 618, 623 (Tex. App.—San Antonio 1998, no pet.). Chain's motion therefore appeared to argue that Chain was entitled to recover the entire contract price because its failure to fully perform was excused by Edifika's breaches.

As explained above, however, Chain did not present a copy of the parties' contract or otherwise conclusively establish its terms. While Chain's motion asserted that Chain "considered

[its exclusion from the premises] a breach of contract by Edifika," it did not present evidence showing that the exclusion constituted a breach of Edifika's contractual obligations as a matter of law. The motion did not conclusively establish, for example, that Edifika lacked a contractual right to bar Chain from the premises under these circumstances. *See Villarreal v. Chesapeake Zapata, L.P.*, No. 04-08-00171-CV, 2009 WL 1956387, at *6 (Tex. App.—San Antonio July 8, 2009, pet. denied) (mem. op.) (noting summary judgment standard of review does not permit reviewing court to make inferences in movant's favor). Chain therefore did not conclusively establish that Edifika breached the contract or that Chain's failure to perform was Edifika's fault. *See Brooks*, 486 S.W.3d at 36.

For these reasons, Chain's motion for summary judgment did not establish that Chain was entitled to judgment as a matter of law on all required elements of its breach of contract claim. *See id.*; TEX. R. CIV. P. 166a(c). As a result, it did not trigger Edifika's burden to present controverting evidence on that claim. *See* TEX. R. CIV. P. 166a(c); *Energen*, 642 S.W.3d at 509. We therefore sustain Edifika's challenge to the summary judgment on Chain's breach of contract claim.

### Quantum Meruit

*Applicable Law*

"Quantum meruit is an equitable remedy that is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 732 (Tex. 2018) (internal quotation marks omitted). To be entitled to summary judgment on its quantum meruit claim, Chain was required to conclusively establish: (1) Chain rendered valuable services or furnished materials to Edifika; (2) Edifika accepted, used, and enjoyed those services and materials; and (3) Edifika was reasonably notified that Chain expected to be paid for the services and materials. *See id.* at 732–33; *E-Learning LLC v. AT&T Corp.*, 517 S.W.3d 849, 860 (Tex. App.—San Antonio 2017, no pet.). "A party generally cannot recover under

a quantum-meruit claim when there is a valid contract covering the services or materials furnished." *Hill*, 544 S.W.3d at 733.

*Application*

Chain's motion for summary judgment argued that Edifika requested and agreed to pay for "change order" work that went beyond the scope of the parties' contract. The motion listed some of the purported change order work, and an exhibit to the motion included "a line-by-line accounting of the requested and performed changes." Again, however, Chain's motion did not establish the terms of the parties' contract. Consequently, the motion did not conclusively show that the change order work fell outside of Chain's express contractual obligations. *See San Antonio Masonry & Tool Supply, Inc. v. Epstein & Sons Int'l, Inc.*, 281 S.W.3d 441, 445–46 (Tex. App.—San Antonio 2005, no pet.) (holding existence of an express contract barred recovery in quantum meruit).

Under certain circumstances, such as construction contracts, "recovery in quantum meruit is permitted despite the existence of an express contract that covers the subject matter of the claim." *STR Constructors, Ltd. v. Newman Tile, Inc.*, 395 S.W.3d 383, 391 (Tex. App.—El Paso 2013, no pet.) (internal quotation marks omitted). But under those circumstances, the claimant must show that the owner of the land accepted and retained "benefits arising as a direct result of the contractor's partial performance." *Truly v. Austin*, 744 S.W.2d 934, 937 (Tex. 1988). Here, Chain's motion showed that Edifika: (1) "made and approved" requests for change order work; and (2) used "permits issued in the name of Chain & Chain Construction, LLC" to continue construction after Chain was excluded from the premises. But Chain's evidence did not establish as a matter of law that Edifika accepted, used, and enjoyed all of the materials and services for which Chain sought to recover in quantum meruit. *See Hill*, 544 S.W.3d at 733; *Truly*, 744 S.W.2d at 937. For this additional reason, Chain did not conclusively establish all the required elements of its quantum

meruit claim and, as a result, did not trigger Edifika's burden to present controverting evidence. TEX. R. CIV. P. 166a(c); *Energen*, 642 S.W.3d at 509.

We therefore sustain Edifika's challenge to the summary judgment on Chain's quantum meruit claim.

## *Chapter 28*

### *Applicable Law*

Chapter 28 of the Texas Property Code, entitled "Prompt Payment to Contractors and Subcontractors," provides:

> If an owner or a person authorized to act on behalf of the owner receives a written payment request from a contractor for an amount that is allowed to the contractor under the contract for properly performed work or suitably stored or specially fabricated materials, the owner shall pay the amount to the contractor, less any amount withheld as authorized by statute, not later than the 35th day after the date the owner receives the request.

TEX. PROP. CODE ANN. § 28.002(a). If a property owner fails to pay a contractor's invoice as required by section 28.002, the "unpaid amount bears interest at the rate of 1 ½ percent each month." TEX. PROP. CODE ANN. § 28.004(b).

### *Application*

Chain's motion for summary judgment identified three exhibits that ostensibly supported its claim under Chapter 28. The first exhibit, Cadena's affidavit, averred that Edifika failed to pay outstanding amounts under both the contract and the change orders. The second, a spreadsheet attached to Cadena's affidavit, itemized those amounts and appeared to show the dates those amounts accrued. However, neither the affidavit nor the spreadsheet indicated when Edifika received "a written payment request from [Chain]" for those amounts. *See* TEX. PROP. CODE § 28.002(a). Accordingly, those exhibits did not conclusively show Chain was entitled to judgment on its claim under Chapter 28. *See id.*; TEX. R. CIV. P. 166a(c).

The third exhibit upon which Chain relied for its Chapter 28 claim was an excerpt from Chain's fourth supplemental disclosure responses. That document purported to identify the unpaid amounts in question, the "35 day due date" for those amounts, and a total "Penalty under Chapter 28" as of the date of that document. However, a party generally may not rely on its own discovery responses as summary judgment evidence. *See Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000) (per curiam); *Sprague v. James River Ins. Co.*, No. 03-19-00859-CV, 2021 WL 5457217, at *3 (Tex. App.—Austin Nov. 18, 2021, no pet.) (mem op.). We note, moreover, that the "[t]otal contract portion unpaid amount" listed in this exhibit was $267,390.07, while Cadena's affidavit identified the "original contract price . . . unpaid to date" as $267,367.07. *See Sadeghian v. Wright*, No. 06-18-00062-CV, 2019 WL 255741, at *8 (Tex. App.—Texarkana Jan. 8, 2019, pet. denied) (mem. op.) (concluding "summary judgment was improper" where movants' "own summary judgment evidence created fact issues").

Finally, as noted above, Chain's motion for summary judgment did not conclusively establish either the terms of the contract or the extent of Chain's performance of those terms. The motion therefore did not show as a matter of law that the amounts Chain sought were "allowed to the contractor under the contract for properly performed work[.]" *See* TEX. PROP. CODE § 28.002(a).

For these reasons, Chain's motion for summary judgment did not conclusively establish that Chain was entitled to judgment as a matter of law on its claim under Chapter 28 or shift the evidentiary burden to Edifika. TEX. R. CIV. P. 166a(c); *Energen*, 642 S.W.3d at 509. We sustain Edifika's challenge to the summary judgment on Chain's Chapter 28 claim.

### *Attorney's Fees*

In addition to the partial summary judgment on Chain's substantive claims, the trial court granted Chain a separate summary judgment on its claim for attorney's fees. Chain sought

attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code and section 28.005 of the Texas Property Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(b)(1), (2), (8); TEX. PROP. CODE ANN. § 28.005(b).

"To obtain an award of attorney's fees under Section 38.001, 'a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages.'" *Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.*, 417 S.W.3d 46, 60 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (quoting *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)). Because we have held that Chain was not entitled to summary judgment on its breach of contract and quantum meruit claims, it was not entitled to attorney's fees under section 38.001. *See id.*; *Harley Rogers P'ship, Ltd. v. Quick Roofing, LLC*, No. 04-21-00030-CV, 2022 WL 2230954, at *2 (Tex. App.—San Antonio June 22, 2022, no pet.) (mem. op.).

In a claim under Chapter 28 of the Property Code, a trial court "may award costs and reasonable attorney's fees as the court determines equitable and just." TEX. PROP. CODE § 28.005(b). In light of our disposition of Chain's Chapter 28 claim, the trial court could, in its discretion, conclude that a fee award to Chain is not "equitable and just." *See id.*; *cf. Lemus v. Aguilar*, 491 S.W.3d 51, 61–62 (Tex. App.—San Antonio 2016, no pet.) (applying similarly worded attorney's fee statute). For that reason, we hold Chain did not conclusively establish its entitlement to attorney's fees under Chapter 28. *See Vast Constr., LLC v. CTC Contractors, LLC*, 526 S.W.3d 709, 726 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

We sustain Edifika's challenge to the fee award. Because our resolution of Edifika's first five issues is dispositive, we need not consider its remaining issues. TEX. R. APP. P. 47.1.

**CONCLUSION**

We reverse the trial court's September 21, 2021 final judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

Beth Watkins, Justice