

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00170-CV

Debra **LISKA**, Individually; Leigh Williamson; and Stephen J. Williamson;
Appellants

v.

Patricia **DWORACZYK**; Anthony L. Dworaczyk, Jr.; Kellie Ann Dworaczyk; Patrick
Dworaczyk; Jaqueline Leavy; Kayla Jendrusch; and Edward Jendrusch, III;
Appellees

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 20-09-00165CVK
Honorable Lynn Ellison, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:        Irene Rios, Justice
                Liza A. Rodriguez, Justice
                Sandee Bryan Marion, Chief Justice (Ret.)[1]

Delivered and Filed: January 24, 2024

REVERSED AND RENDERED IN PART, MODIFIED IN PART AND AFFIRMED AS
MODIFIED IN PART, REVERSED AND REMANDED IN PART

This is an appeal from a final judgment construing the will of Eugene J. Dworaczyk

("Eugene") and declaring portions of a mineral deed null and void. We reverse and render in part,

modify in part and affirm as modified in part, and reverse and remand in part.

---

[1]Sitting by assignment pursuant to section 74.003(b) of the Texas Government Code

## FACTUAL AND PROCEDURAL BACKGROUND

Eugene J. Dworaczyk died on March 22, 2019, leaving a will that appointed Debra Liska as the independent executrix of his estate. Eugene's will, which he signed on February 12, 2019, was admitted into probate, and Liska qualified and assumed the role of independent executrix of Eugene's estate.

Eugene's will devised Liska cash and certain real property and named her as the sole beneficiary of the residuary estate. The will also contained the following bequest:

> I hereby give, devise and bequeath to the hereinafter named individuals a ONE-TENTH (1/10) interest in the Mineral Interest I own in 118.4 acres near Gillet, Karnes County, Texas, known as the Dragon Unit;
>
> To PATRICIA DWORACZYK a ONE-TENTH (1/10),
>
> To ANTHONY L. DWORACZYK a ONE-TENTH (1/10) INTEREST,
>
> To KELLIE ANN DWORACZYK a ONE-TENTH (1/10) INTEREST,
>
> To PATRICK DWORACZYK a ONE-TENTH (1/10) INTEREST,
>
> To WALTER DOTY a ONE-TENTH (1/10) INTEREST,
>
> To JAQUELINE LEAVY a ONE-TENTH (1/10) INTEREST,
>
> To KAYLA JENDRUSCH a ONE-TENTH (1/10) INTEREST,
>
> To ED JENDRUSCH, III a ONE-TENTH (1/10) INTEREST,
>
> To MARK A. WILLIAMSON a ONE-TENTH (1/10) INTEREST,
>
> To STEPHEN J. WILLIAMSON a ONE-TENTH (1/10) INTEREST.

On August 9, 2019, Liska, as independent executrix of Eugene's estate, executed a deed purporting to distribute certain mineral interests in accordance with Eugene's will. With respect to the above-quoted bequest, the deed conveyed an undivided one-hundredth share of the mineral interests underlying the entire 118.4 acres to each of the nine surviving devisees named in the

bequest.[2] Furthermore, because Liska was the sole beneficiary of the residuary estate, the deed conveyed the remainder of the mineral interests underlying the entire 118.4 acres to Liska in her individual capacity. The mineral distribution deed was recorded in the real property records of Karnes County, Texas.

***Will Construction and Quiet Title Claims***

Seven of the devisees[3] named in the bequest (collectively, "the Dworaczyk beneficiaries,") filed a declaratory judgment action asking the trial court to construe the bequest and to remove the cloud on their title created by the mineral distribution deed. *See* TEX. CIV. PRAC. & REM. CODE § 37.005 ("Declarations Relating to Trust or Estate"). The Dworaczyk beneficiaries alleged that the deed was correct in conveying the mineral interests underlying the entire 118.4 acres, but it was incorrect in conveying to each of the devisees a one-hundredth interest because Eugene devised each of the named beneficiaries a one-tenth interest. The Dworaczyk beneficiaries asked the trial court to "declar[e] the portions of the Executrix's Mineral Distribution Deed a nullity and [to] quiet[] title to those interests in [them], save and except for the one[-]tenth interest bequeathed to Walter Doty, which is likely a part of the residual estate."

Liska, in her individual capacity, and two other devisees[4] named in the bequest (collectively, "Liska and the Williamson beneficiaries,") answered the suit and counterclaimed for construction of the will. However, Liska and the Williamson beneficiaries took the position that the mineral interest described in the bequest was limited to the part of the 118.4 acres that had been designated as the Dragon Unit, and therefore, the deed improperly conveyed the mineral interests

---

[2]Walter Doty predeceased Eugene and the parties stipulated that the bequest to him lapsed.

[3]The seven devisees are Patricia Dworaczyk; Anthony L. Dworaczyk, Jr.; Kellie Ann Dworaczyk; Patrick Dworaczyk; Jaqueline Leavy; Kayla Jendrusch; and Edward Jendrusch, II.

[4]The two devisees are Stephen J. Williamson and Mark A. Williamson. The clerk's record contains a suggestion of death stating that Mark A. Williamson died on April 10, 2021, and that Leigh Williamson appeals in his stead.

underlying the entire 118.4 acres to the devisees. Liska and the Williamson beneficiaries also asked the trial court to quiet title by declaring the mineral distribution deed invalid as it related to the bequest in question.

Liska, in her capacity as independent executrix, answered the suit and counterclaimed for construction of the bequest and reformation of the mineral distribution deed.

### *Summary Judgment Proceedings*

The Dworaczyk beneficiaries and Liska and the Williamson beneficiaries filed cross-motions for traditional summary judgment. In their respective motions, the parties asserted that the bequest was unambiguous and should be construed as a matter of law. However, they took different positions on the proper construction of the bequest. The Dworaczyk beneficiaries argued the bequest devised each of the listed devisees an undivided one-tenth interest in the mineral interest underlying the entire 118.4 acres described in the bequest. Alternatively, the Dworaczyk beneficiaries argued that the doctrine of estoppel by deed barred Liska from taking a position contrary to the mineral distribution deed that she had executed.

By contrast, Liska and the Williamson beneficiaries argued the bequest gave each of the listed devisees an undivided one-hundredth interest in the Dragon Unit, which was the mineral interest underlying only part of the 118.4 acres described in the bequest.

Liska, in her capacity as independent executrix, filed a response to both summary judgment motions, agreeing that the case should be resolved through summary judgment, but taking no position as to the bequest's construction.

After a hearing on the summary judgment motions, the trial court signed an interlocutory order in which it found both parts of the bequest ambiguous. Because the trial court concluded that the bequest was ambiguous, it considered extrinsic evidence in construing the bequest, namely,

the deposition testimony of the attorney who had drafted the will. The interlocutory summary judgment order shows that the trial court based its ruling on its construction of the bequest.

In its interlocutory order granting summary judgment in favor of the Dworaczyk beneficiaries, the trial court declared:

B. The Bequest describes the entire interest in the mineral estate that Eugene [] owned in the entire 118.4 acre Parcel, and is not limited to the portion of the Parcel that is located within the geographical boundaries of the Dragon Horizontal Unit (as described in the Designation of the Dragon Horizontal Unit filed as document no. 00096923 in the real property records of Karnes County, Texas).

C. The Bequest, upon the death of Eugene [], conveys an undivided: (1) Ten percent (10%) of the entire mineral interest owned by Eugene [] at the time of his death in the Parcel to Patricia Dworaczyk; (2) Ten percent (10%) of the entire mineral interest owned by Eugene [] at the time of his death in the Parcel to Anthony L. Dworaczyk Jr.; (3) Ten percent (10%) of the entire mineral interest owned by Eugene [] at the time of his death in the Parcel to Kellie Ann Dworaczyk; (4) Ten percent (10%) of the entire mineral interest owned by Eugene [] at the time of his death in the Parcel to Patrick Dworaczyk; (5) Ten percent (10%) of the entire mineral interest owned by Eugene [] at the time of his death in the Parcel to Walter Doty; (6) Ten percent (10%) of the entire mineral interest owned by Eugene [] at the time of his death in the Parcel to Jacqueline Leavy; (7) Ten percent (10%) of the entire mineral interest owned by Eugene [] at the time of his death in the Parcel to Kayla Jendrusch; (8) Ten percent (10%) of the entire mineral interest owned by Eugene [] at the time of his death in the Parcel to Ed Jendrusch, III; (9) Ten percent (10%) of the entire mineral interest owned by Eugene [] at the time of his death in the Parcel to Mark A. Williamson; and (10) Ten percent (10%) of the entire mineral interest owned by Eugene [] at the time of his death in the Parcel to Stephen J. Williamson, such conveyance constitutes the conveyance of all of Eugene J. Dworaczyk's interest in the mineral interests in the Parcel at the time of his death.

The trial court declared null and void the portions of the mineral distribution deed that were inconsistent with the above declarations. The trial court denied Liska and the Williamson beneficiaries' summary judgment motion.

### *Attorney's Fees and Final Judgment*

Thereafter, the Dworaczyk beneficiaries filed a motion for award of attorney's fees under the Uniform Declaratory Judgments Act ("UDJA"). *See* TEX. CIV. PRAC. & REM. CODE § 37.009. The trial court signed a final judgment which incorporated its interlocutory order, denied all other

relief requested, and awarded attorney's fees to the Dworaczyk beneficiaries in the amount of $10,185.00. Liska, in her individual capacity, and the Williamson beneficiaries appealed.

## ISSUES PRESENTED

On appeal, Liska and the Williamson beneficiaries present five issues:

(1) Did the trial court err in finding the disputed bequest in the will to be ambiguous when it was possible to give a certain or definite legal meaning or interpretation to the words used?

(2) Did the trial court err in failing to properly construe the disputed bequest in the will by failing to, among other things, heed the plain language of the document and give meaning to each word therein?

(3) Did the trial court err when it admitted the testimony of the attorney who drafted the will to alter, add to, or contradict the terms of the will when the will was unambiguous and/or when such testimony violates the best evidence rule?

(4) Did the trial court err when it admittedly and explicitly acted as fact-finder and weighed evidence in a summary judgment proceeding?

(5) Did the trial court err when it awarded attorneys' fees pursuant to the Declaratory Judgments Act without considering whether such award was equitable and just?

## STANDARD OF REVIEW

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). If both sides move for summary judgment and the trial court grants one but denies the other, we review all summary judgment evidence and determine all questions presented, issuing the judgment the trial court should have rendered. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When, as here, the trial court's summary-judgment order specifies the ground or grounds upon which summary judgment was granted, we must review those grounds that the trial court ruled on, but we may also consider other summary-judgment grounds that were before the trial court but on which the trial court did not rule, if doing so serves the interest of judicial economy. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625–26 (Tex. 1996) (concluding that, in interest of judicial economy, appellate court reviewing

summary judgment may consider "other grounds that the movant preserved for review and trial court did not rule on."). Finally, the construction of an unambiguous will is a question of law, which we review de novo. *In re John O. Yates Tr.*, No. 04-21-00365-CV, 2022 WL 17970586, at *2 (Tex. App.—San Antonio Dec. 28, 2022, pet. denied); *Younger v. Younger*, No. 07-19-00039-CV, 2020 WL 6253237, at *2 (Tex. App.—Amarillo Oct. 22, 2020, no pet.).

### DISCUSSION

In their first issue, Liska and the Williamson beneficiaries argue the trial court erred in concluding that the bequest was ambiguous because it was possible to give a certain or definite meaning to it. In their second issue, Liska and the Williamson beneficiaries argue the trial court erred in failing to heed the plain language of the bequest and to give meaning to each word used therein. We address their first two issues together.

"Our objective in construing a will is to discern and effectuate the [testator's] intent as reflected in the instrument as a whole." *Hysaw v. Dawkins*, 483 S.W.3d 1, 7 (Tex. 2016). If the will is unambiguous, a court cannot go beyond its specific terms in search of the testator's intent. *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000). However, "[i]f the terms of a will are ambiguous, extrinsic evidence is admissible to determine the [testator's] intent." *Hysaw*, 483 S.W.3d at 7.

A will is not ambiguous simply because of a lack of clarity or because the parties offer different interpretations of a term; rather, a will is ambiguous only when the application of established rules of construction leave its terms susceptible to more than one reasonable meaning. *In re Yates Tr.*, 2022 WL 17970586, at *2; *Estate of Rhoades*, 502 S.W.3d 406, 415-16 (Tex. App.—Fort Worth 2016, pet. denied). If we can give a certain and definite interpretation to the words used, the will is unambiguous, and we must construe it as a matter of law. *In re Yates Tr.*, 2022 WL 17970586, at *2; *Estate of Rhoades*, 502 S.W.3d at 416.

Both sides argue, and we agree, that the bequest is unambiguous. As discussed in detail below, we can give a certain and definite interpretation to the words used in the bequest and its terms are not susceptible to more than one reasonable meaning. Because the bequest is unambiguous, we hold the trial court erred in concluding otherwise.

"The cardinal rule of will construction is to ascertain the testator's intent and to enforce that intent to the extent allowed by law." *Knopf v. Gray*, 545 S.W.3d 542, 545 (Tex. 2018). We look to the instrument's language, considering its provisions as a whole and attempting to harmonize them so as to give effect to the will's overall intent. *Id*. "We determine intent by construing the instrument holistically and by harmonizing any apparent conflicts or inconsistencies in the language." *Hysaw*, 483 S.W.3d at 4. "Ascertaining intent from the four corners of a will requires careful examination of the words the [testator] chose, and the sense in which those words were used by the testator is the ultimate criterion." *Id*. at 7 (citations, quotation marks, and brackets omitted).

### *The Mineral Interest Described in the Bequest*

Liska and the Williamson beneficiaries argue that the mineral interest described in the bequest is limited to the mineral interest "known as the Dragon Unit," which underlies only part of the 118.4 acres that Eugene owned in Karnes County, Texas. The Dworaczyk beneficiaries counter that the mineral interest described in the bequest is the mineral interest that underlies the entire 118.4 acres.

According to the undisputed summary judgment evidence, the mineral interests underlying the 118.4 acres described in the bequest had been designated as two distinct units: "the Dragon Unit" and "the Bowers Unit." Production had been established from both the Dragon Unit and the Bowers Unit before Eugene executed the will. The Dragon Unit was an 893.12 surface acre pooled unit that covered only the Eagle Ford Formation and not any other depth or strata. The Dragon

Unit was beneath only 21.26 acres of the 118.4 acres described in the bequest. The remainder of the 118.4 acres described in the bequest was associated with the Bowers Unit.

In the bequest, Eugene devises "the mineral interest I own in 118.4 acres near Gillet, Karnes County, Texas, known as the Dragon Unit." Based on its plain language, the mineral interest described in the bequest is limited to the part of the 118.4 acres that comprises the Dragon Unit. This construction considers the testator's language as a whole and gives meaning to every word he used to describe the mineral interest. To adopt the construction advanced by the Dworaczyk beneficiaries—that the bequest identifies the entire mineral interest underlying the entire 118.4 acres would render the words "known as the Dragon Unit" meaningless. Based upon a careful examination of the words chosen, and the sense in which these words were used, we conclude that the mineral interest described in the bequest is the mineral interest underlying only part of the 118.4 acres—the part comprising the Dragon Unit.

### Estoppel by Deed

As an alternative ground for upholding this part of the summary judgment, the Dworaczyk beneficiaries argue that estoppel by deed bars Liska, who appeals in her individual capacity only, from arguing that the bequest is limited to the Dragon Unit. Even though the trial court's summary judgment was not based on estoppel by deed, we are permitted to consider this argument in the interest of judicial economy. *See Cates*, 927 S.W.2d at 626; *Hardaway v. Nixon*, 544 S.W.3d 402, 407 (Tex. App.—San Antonio 2017, pet. denied) ("[A] summary judgment movant preserves 'other grounds' for appellate review by filing a cross-appeal or asserting a cross-point in its appellate brief, raising those grounds as an alternate basis for affirming summary judgment.").

"Estoppel by deed and estoppel by record are defenses that preclude parties from taking positions contrary to those previously taken in prior documents." *Teal Trading and Dev., LP v. Champee Springs Ranches Prop. Owners Assoc.*, 534 S.W.3d 558, 584 (Tex. App.—San Antonio

2017), *aff'd*, 593 S.W.3d 324 (Tex. 2020). "In the broadest sense, estoppel by deed stands for the proposition that all parties to a deed are bound by the recitals in it, which operate as an estoppel." *Trial v. Dragon*, 593 S.W.3d 313, 318 (Tex. 2019) (discussing the development of the estoppel by deed doctrine). Although estoppel by deed may be directed at all "parties and privies" to the deed, that is not the argument the Dworaczyk beneficiaries made in this case. *See id*. In their summary judgment motion, the Dworaczyk beneficiaries raised estoppel by deed as to Liska, who signed the mineral distribution deed in her capacity as the independent executrix of Eugene's estate. Specifically, the Dworaczyk beneficiaries argued:

> In the Executrix's Mineral Distribution Deed Debra Liska, as Executrix, conveyed [a] portion of the mineral interest in 118[] acres of land based on the Bequest in Eugene Dworaczyk's Will. . . . . In the Executrix's Mineral Distribution Deed Ms. Liska took the position that the Bequest devised the mineral interest in all 118.4 acres that it referenced. She cannot now take a contrary position.

"The law distinguishes between a person in her individual capacity and the same person in her representative or fiduciary capacity." *Swain v. Dobbs*, No. 13-22-00199-CV, 2023 WL 7783396, at *5 (Tex. App.—Corpus Christi–Edinburg Nov. 16, 2023, no pet. h.); *see generally Elizondo v. Tex. Nat. Res. Conservation Comm'n*, 974 S.W.2d 928, 931 (Tex. App.—Austin 1998, no pet.) (explaining the distinction between individual and representative capacities in the context of standing). The fact that Liska, in her capacity as independent executrix, signed a deed conveying the mineral interest underlying the entire 118.4 acres does not preclude Liska, in her individual capacity, from taking the position that the bequest is limited to the mineral interest comprising only the Dragon Unit. We conclude that estoppel by deed does not provide an alternative ground for upholding this part of the summary judgment.

We hold the trial court erred in declaring that the "[b]equest describes the entire interest in the mineral estate that Eugene J. Dworaczyk owned in the entire 118.4 acre Parcel, and is not

limited to the portion of the Parcel that is located within the geographical boundaries of the Dragon Horizontal Unit."

### The Fraction of the Mineral Interest Given to the Devisees

The second part of our inquiry requires us to determine how much of the mineral interest described in the bequest is given to each of the named devisees. The bequest provides: "I hereby give, devise and bequeath to the hereinafter named individuals a ONE-TENTH (1/10) interest . . . ." It then lists each of the devisees by name and follows each name with the words: "A ONE-TENTH (1/10)" or "A ONE-TENTH (1/10) interest."

Liska and the Williamson beneficiaries argue that Eugene "clearly states in the granting clause that he is only giving" one-tenth of what he owns, and that by repeating the words "ONE-TENTH (1/10)" Eugene is giving each of the listed individuals one-tenth of the initially-stated one-tenth interest. They further argue: "Simple math calculations limit what each [devisee] can have to 1%." On the other hand, the Dworaczyk beneficiaries argue that the bequest devises a one-tenth interest in the mineral interest described to each devisee. In support of their position, they point out that when considered as a whole, Eugene's will expresses an intention to dispose of real property interests in their entirety, and to do so by way of expressly stated, specific bequests. They point out that Liska and the Williamson beneficiaries' construction results in Eugene disposing of less than one-hundred percent of the mineral interest described.

"[W]ills are, of all classes of legal instruments, least to be governed in their construction by technical terms." *Gilkey v. Chambers*, 207 S.W.2d 70, 71 (Tex. 1947). "What the courts seek to ascertain is the testator's intention and the meaning which he attached to his language." *See id*. at 72. Again, the primary purpose of will construction is to ascertain the testator's intent and to enforce that intent to the extent allowed by law. *Knopf*, 545 S.W.3d at 545. We must examine the

instrument's language, consider its provisions as a whole, and attempt to harmonize them so as to give effect to the will's overall intent. *Id*.

By its plain language, the bequest gives each of the listed devisees a one-tenth undivided interest in the subject property. This construction is supported by an examination of the will's provisions as a whole. In his will, Eugene specifically and fully disposes of each and every real property he identifies in it. In one bequest, Eugene devises Liska "all my interest in" the mineral estate known as Dragon Tillie Unit-RRC 03293." In another bequest, Eugene devises "a mineral interest of 324 acres more or less" that he owns in Karnes County, Texas, to multiple devisees. In the latter bequest, Eugene lists each of the devisees and specifies the percentage of the mineral interest that he or she is to receive. One of the listed devisees is to receive forty percent of the mineral interest and each of the remaining six listed devisees are to receive ten percent of the mineral interest, thereby disposing of one hundred percent of that mineral interest.

As to the bequest before us, nothing in the words chosen by Eugene expresses an intention to give each of the listed devisees an undivided one-hundredth interest in the subject property. The mere re-statement of the words "a one-tenth (1/10)" or "a one-tenth interest (1/10)" after each of the devisees' names does not express an intention to further divide the subject property. Rather, in this bequest, as in the previously-discussed bequest of "a mineral interest of 324 acres more or less," Eugene simply lists each of the devisees and specifies the fraction of the mineral interest that he or she is to receive. We hold the trial court did not err in declaring that the bequest gives each of the devisees an undivided one-tenth interest in the subject property.[5]

---

[5]Based on our disposition of the first and second issues, we need not address the third and fourth issues. *See* TEX. R. APP. P. 47.1 (requiring the court of appeals to hand down written opinions that are as brief as practicable while at the same time addressing every issue raised and necessary to the final disposition of the appeal).

### *Quiet Title Claims and Corresponding Relief*

"A suit to quiet title or clear title, also known as a suit to remove cloud from title, is a suit for a specific, equitable remedy." *Farkas v. Aurora Loan Servs., L.L.C.*, No. 05-15-01225-CV, 2017 WL 2334235, at \*8 (Tex. App.—Dallas May 30, 2017, pet. denied). "The goal of a suit to quiet title is to clear the title to property from clouds or encumbrances." *Id*. "A 'cloud' on legal title includes any deed, contract, judgment lien, or other instrument, not void on its face, which purports to convey an interest in or makes any charge upon the land of the true owner, the invalidity of which would require proof." *Id*. at \*9.

> Here, with regard to the parties' quiet title claims, the trial court's judgment states:
>
> It is further ORDERED that the portions of the Executrix's Mineral Distribution Deed filed in the real property records of Karnes County on August 12, 2019, and persisting in those records as Instrument Number 201900003441, relating to the decedent's mineral interest in the Parcel are null and void to the extent inconsistent with this [J]udgment and shall not cast a cloud upon the title awarded to *Plaintiffs* in this Judgment.

(Emphasis added). In this case, the "Plaintiffs" are the Dworaczyk beneficiaries.

At the conclusion of their brief, Liska and the Williamson beneficiaries ask us to modify the trial court's judgment with respect to the mineral distribution deed. Consistent with our disposition of the first and second issues, we modify the judgment to state that the mineral distribution deed "shall not cast a cloud upon the title awarded to the parties in this Judgment," and we affirm this part of the judgment as modified. *See* TEX. R. APP. P. 43.2(b) (providing that the court of appeals may modify the trial court's judgment and affirm it as modified).

### ATTORNEY'S FEES

In their fifth issue, Liska and the Williamson beneficiaries argue the trial court erred when it awarded the Dworaczyk beneficiaries attorney's fees under the UDJA because it failed to consider whether the award of attorney's fees was equitable and just. *See* TEX. CIV. PRAC. & REM.

CODE § 37.009; *Hosek v. Scott*, No. 04-14-00655-CV, 2015 WL 6163385, at *4 (Tex. App.—San Antonio Oct. 21, 2015, no pet.). The UDJA entrusts the award of attorney's fees to the trial court's sound discretion, subject to the requirements that the fees awarded be reasonable and necessary, which are matters of fact, and equitable and just, which are matters of law. *See Neeley v. W. Orange-Cove Consol. Indep. Sch. Dist.*, 176 S.W.3d 746, 799 (Tex. 2005) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)); *Hosek*, 2015 WL 6163385, at *4.

Because we have concluded that the Dworaczyk beneficiaries were entitled to only part of the relief the trial court granted, we reverse its award of attorney's fees and remand the case to the trial court to reconsider what award of attorney fees, if any, is appropriate under the circumstances. *See Neeley*, 176 S.W.3d at 799; *DCP Sand Hills Pipeline, LLC v. San Miguel Elec. Coop., Inc.*, No. 04-19-00288-CV, 2020 WL 6748725, at *6 (Tex. App.—San Antonio Nov. 18, 2020, pet. denied) (concluding the trial court erred in part by granting summary judgment in favor of party awarded attorney's fees and remanding the issue of attorney's fees to the trial court for reconsideration as to whether its award of attorney's fees was equitable and just).

## CONCLUSION

To the extent the trial court's final judgment declares that the "[b]equest describes the entire interest in the mineral estate that Eugene J. Dworaczyk owned in the entire 118.4 acre Parcel" and that each of the listed beneficiaries are entitled to undivided fraction "of the entire mineral interest owned by Eugene J. Dworaczyk at the time of his death in the Parcel," the judgment is reversed. Judgment is rendered declaring that the bequest describes the mineral estate that Eugene J. Dworaczyk owned in the portion of the Parcel that is located within the geographical boundaries of the Dragon Horizontal Unit, and that each of the listed devisees are entitled to an undivided one-tenth interest in the mineral estate described in the bequest.

To the extent the final judgment declares that the mineral distribution deed shall not cast a cloud upon the title awarded to the Dworzaczyk beneficiaries, we modify the judgment to provide that the deed shall not cast a cloud upon the title awarded to the parties, and affirm this part of the judgment as modified.

The award of attorney's fees is reversed, and the case is remanded to the trial court to reconsider what award of attorney fees, if any, is appropriate under the circumstances.

Liza A. Rodriguez, Justice